UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Chapter 13

JULIA F. SOUSSIS,                                              Case No.: 19-73686-reg

                                Debtor.
---------------------------------------------------------X

### MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S MOTION FOR DISGORGEMENT OF ALL FEES PAID TO THE CHAPTER 13 TRUSTEE

      Michael J. Macco, Chapter 13 Standing Trustee and Trustee of the Bankruptcy estate of Julia F. Soussis, submits this Memorandum of Law in opposition to the Debtor's Motion for Disgorgement of all fees paid to the Chapter 13 Trustee and related relief (the "Motion") dated August 11, 2020.

### STATEMENT OF FACTS

      This Proceeding was commenced by the Debtor filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 20, 2019 (the "Filing Date"). Michael J. Macco, Esq. is a Chapter 13 Standing Trustee in this District and was appointed Chapter 13 Trustee (the "Trustee") of the Debtor's estate. The case was pending for 14 months, throughout which, the Debtor and Chase Mortgage Holdings engaged in motion practice and hearings relating to Debtor's objection to the proof of claim filed by Chase. Ultimately this case was dismissed, at the Debtor's request, by order of this Court dated June 30, 2020. This case was the Debtor's **sixth (6)** Chapter 13 proceeding to be pending before this court and, like the five cases to come before it, was dismissed without having successfully confirmed a plan.

The Debtor's proposed plan had provided for lump sum payments to the Trustee, in addition to monthly plan payments, due to the fact that, pursuant to the claim filed by Chase, the arrears on her mortgage totaled $453,783.76 (the claim was subsequently amended to indicate a cure amount of $778,565.77). In total, the Debtor paid $362,100.00 to the Trustee in accordance with her proposed chapter 13 plan. Upon dismissal of this proceeding, the Trustee returned all monies paid in, less the percentage fee outlined in 28 U.S.C. 586(e). Subsequent to the dismissal of this case, the Debtor brought the present Motion and argues that due to the fact that her case was dismissed prior to confirmation of a plan, the Trustee should not be entitled to the percentage fee contained in 28 U.S.C. 586(e).

## **BACKGROUND**

In essence, the Chapter 13 Trustee program is funded through payments received by chapter 13 standing trustees throughout this country. A Chapter 13 trustee's fiscal year runs from October 1 through September 30. On or about July first of every year the Trustee submits an estimate of receipts and expenses for the following year. Thereafter, the United States Trustee's office sets a percentage fee for all cases based upon projected receipts and expenses. This percentage fee fluctuates throughout the year and is adjusted based upon those receipts and expenses. The percentage fee provides compensation to the Trustee and covers the Trustee's office and other necessary expenses outlined in a budget which is approved by the United States Trustee's office.

## THE TRUSTEE IS ENTITLED TO HIS PERCENTAGE FEE FROM "ALL PAYMENTS RECEIVED" PURSUANT TO 11 U.S.C. 586

Since its enactment, 28 U.S.C. 586 has provided the framework for compensation of standing trustees and their offices. This statute was amended to its present form as part of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, *Pub. L. No. 99-554*. See, *Nardello v. Balboa (in re Nardello)* 514 B.R. 105, 110 (D.N.J 2014). In its present form, Section 586 provides, in pertinent part:

### 28 U.S.C. §586

(e)(1) The Attorney General, after consultation with a United States trustee that has appointed an individual under subsection (b) of this section to serve as standing trustee in cases under chapter 12 or 13 of title 11, shall fix-

> (A) a maximum annual compensation for such individual consisting of-
> (i) an amount not to exceed the highest annual rate of basic pay in effect for level V of the Executive Schedule; and
> (ii) the cash value of employment benefits comparable to the employment benefits provided by the United States to individuals who are employed by the United States at the same rate of basic pay to perform similar services during the same period of time; and

(B) a percentage fee not to exceed-
(i) in the case of a debtor who is not a family farmer, ten percent; or

> ...

> based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee

>    **(2) Such individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee** (emphasis added). Such individual shall pay the United States trustee, and the United States trustee shall deposit in the United States Trustee System Fund-
>
>> (A) any amount by which the actual compensation of such individual exceeds 5 per centum upon all payments received under plans in cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee; and
>>
>> (B) any amount by which the percentage for all such cases exceeds-
>>> (i) such individual's actual compensation for such cases, as adjusted under subparagraph (A) of paragraph (1); plus
>>>
>>> (ii) the actual, necessary expenses incurred by such individual as standing trustee in such cases. Subject to the approval of the Attorney General, any or all of the interest earned from the deposit of payments under plans without regard to the percentage limitation contained on subparagraph (d)(1)(B) of this section.

Prior to its amendment in 1986, the language of Section 586(e)(2) was different. Prior to its amendment, section 586 (e)(2), provided "Such individual shall collect such percentage fee from all payments under plans in the cases under chapter 13 of title 11 for which such individual serves as standing trustee." *See, Nardello*. The amendment to the statute in 1986 made a significant change to how standing trustees collected the percentage fee. It is clear that, since the amendment, standing chapter 13 trustees receive their percentage fees upon receipts, on the front end, and not upon disbursements.

"Importantly, the language of Section 586(e)(2) as amended directs the fee to be collected from 'all payments received by [the trustee] under plans' as opposed to "all payments under plans." *See Nardello* at 110.

> "Pub. L. 95-598, Title 11, sec. 224(a), 92 Stat. 2663. Sections 586(e)(1)(B) and (e)(2) were amended to their present form as part of the Bankruptcy Judges, U.S. Trustees, and Family Farmer Bankruptcy Act of 1986, Pub. L. No. 99-554. The most significant change is that under subsection (e)(2), the fee is now to be collected from payments received by the Trustee rather than from payments under the plan."

*In re Jackson,* 321 B.R. 94 (Bankr. S.D.Ga. 2005), *See also, In re Turner,* 168 B.R. 882 (Bankr. W.D. Tex. 1994) (holding that "payments under a plan must include a component for the trustee's percentage fee, because the trustee is required to deduct this fee from 'payments received.'")

Thus, both the straight forward, clear language, and the intent behind the amendment to section 586 was to allow standing chapter 13 trustees to be paid upon receipts as opposed to being paid on disbursements, as it had previously.

Furthermore, the statute makes no distinction between cases that are confirmed and not confirmed. Section 586 is noticeably devoid of any language conditioning the collecting of the percentage fee upon confirmation of 'plans.' Instead, the statute clearly states that the trustee "**shall** collect such percentage fee from **all payments received** by such individual under **plans** in the cases for which such individual serves as standing trustee." 28 U.S.C. 586(e)(2)(emphasis added). It is clear that congress could have easily qualified the term 'plans' with 'confirmed' to read 'confirmed plans' as they have done in other sections of the code (see 11 U.S.C. 1307(c)(6) and (8)), but they did not.

"The plain language of Section 586, directs the standing trustee to collect a percentage fee based on 'all payments received' by the trustee and this language makes payment of the percentage fee mandatory. Such an interpretation is consistent with the 1986 amendments which directed that the fee be collected from 'all payments received by [the trustee] under plans' as opposed to 'all payments under plans'. To give effect to this change, the Court must conclude that 'all payments received' is not synonymous with 'all payments under plans' and includes payments received by the standing trustee for the percentage fee." *Nardello v. Balboa (in re Nardello)* 514 B.R. 105, 111 (D.N.J 2014).

Although Debtor's argument is not completely clear, the cases that seemingly support it, would render the change in statutory language meaningless. If it is held that the trustee is not to be paid the percentage fee in dismissed cases, then there is no discernable difference between being paid on disbursements and being paid on receipts. It is clear that Congress has provided that the percentage fee should be paid on the front end. Debtor's reading completely ignores the unconditioned language of Section 586 and furthermore, it completely disregards the amendment to the statute that clearly aimed to change the way the percentage fee is paid. The only way to read section 586 and give meaning to the amendment to the statute is to hold that standing chapter 13 trustees receive the percentage fee based upon all payments received, regardless of whether the case is confirmed or dismissed prior to confirmation.

## A CAREFUL READING OF 11 U.S.C. 1326 DOES NOT CHANGE THE ANALYSIS

Debtor seems to argue that the language of 11 U.S.C. 1326 alters the clear language of 28 U.S.C. 586, however, the Trustee's position that the percentage fee is collected on all cases, is only one way to read the statues harmoniously. 11 U.S.C. 1326 provides:

> Section 1326 payments
>
> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order of relief, whichever is earlier in the amount-
>
> ...
>
> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).
>
> ...
>
> (b) **Before** (emphasis added) or at the time of each payment to creditors under the plan, there shall be paid-
> > (1) any unpaid claim of the kind specified in section 507(a)(2) of this title;
> > (2) if a standing trustee appointed under 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28; ...

Various courts have struggled with the seemingly conflicting language of 28 U.S.C. 586 and 11 U.S.C. 1326. However, as the District Court for the Central District of New Jersey held in the *Nardello* case, there is only one reading that can give meaning to all of the relevant sections at issue.

"Section 1326(b) directs the percentage fee to be paid at or before the time of 'each payment to creditors under the plan.' As such, there is a clear distinction between 'payments received' by the trustee under plans in Section 586 and 'payment to creditors under the plan' in Section 1326." *See, Nardello at 112* (further concluding that "Section 1326(b) addresses the trustee's percentage fee and this subsection authorizes the payment of such fee '[b]efore or at the time of each payment to creditors under the plan' 11 U.S.C. section 1326(b). In light of this language permitting the payment of the percentage fee *before* payments to creditors, the Court is unpersuaded by the argument that Section 1326(b) only contemplates payment of the percentage fee where there is a confirmed plan.").

In fact, courts have recognized that the percentage fee "looks more like a 'user's fee' than anything else- and the user is the debtor" *See, In re Turner*, 168 B.R. 882, 887 (Bankr. W.D. Tex. 1994), and thus it should follow that the percentage fee should be paid whether or not the case is confirmed especially in cases like the case at bar where the Debtor availed herself of the protections that Chapter 13 provides and enjoyed the resources of both the Court and the chapter 13 system for fourteen (14) months, without confirming a plan.

The court, in *Turner*, recognized that "Congress has made a choice about how it wishes to fund the national chapter 13 program. This Court is not at liberty to alter or amend that choice. The apparent confusion amongst the various statutory phrases clears up when we employ the frame of analysis used here. Different parts of the statute are addressed to different concerns. We should not be too surprised that the language employed in each part is slightly different, colored by the unique concerns addressed in

each part. It would be a mistake to read more into the language choices than that –and an even greater mistake to apply a hypertechnical, 'plain meaning' grammarian's ruler that ignores context." *See, In re Turner*, 168 B.R. 882, 891 (Bankr. W.D. Tex. 1994).

The percentage fee is earned and gets paid on all cases. This is the only harmonious reading of the statutes and the only reading that gives any credence the clear language of section 586 and its history. Moreover, Debtor's reading of the relevant statutes leads to absurd results. Debtor's reading, in essence, leads to the conclusion that Congress made provisions in the statute for all other administrative expenses that can possibly relate to a chapter 13 proceeding except for those of the administrator himself. Furthermore, Debtor's reading of the statute would have the inevitable result of having the successful cases, where plans are confirmed and payments are being disbursed to creditors, pay for the cases such as this Debtor's cases where the Debtor has availed herself of the protections of this Court on six occasions but never actually confirmed a plan.

Moreover, if Debtor's reading of the statute were correct, it would make a standing trustee's compliance with the second sentence of 28 U.S.C. 586(e)(2) virtually impossible. It would be a virtual impossibility for a standing trustee to both have to return money to a debtor in cases that are dismissed but also pay such money over to the United States trustee to be places in the Unites States Trustee System Fund.

Finally, although not specifically argued by Debtor, the case law cited by the Debtor focuses on the differences in language between 11 U.S.C. 1226 and 11 U.S.C. 1326, however this difference in language should not be surprising. The fact of the matter is that Chapter 12 cases and Chapter 13 cases are vastly different both in how they are

administered and how payments are made. It goes without saying that the statutes relating to the administration of these two proceedings will differ. The first sentence of 11 U.S.C. 1126 provides that "payments and funds received by the [chapter 12] trustee shall be retained" See U.S.C. 1226 (a), while 11 U.S.C. 1326 only relates to "payments." Thus, it is clear that these cases are funded differently and the statutes relating to them will also differ.

Last, it is respectfully submitted that Debtor's attorney's argument that he should be awarded attorneys' fees under the Federal Tort Claims Act is abhorrent. First, the Trustee is not an employee of the government as required by 28 U.S.C. 1346(b), *see, United States v. Crispo*, 306 F.3d 71 (2d Cir. 2002). Furthermore, Debtor's fail to successfully argue that the Trustee committed a wrongful act. As discussed herein, the Trustee followed the clear language of the relevant statutes and, as mentioned in Debtor's own moving papers, was in compliance with the Handbook for Chapter 13 Standing Trustees promulgated by the United States Trustee. Thus, it is respectfully submitted that the Debtor's claim under the Federal Tort Claims Act must fail.

WHEREFORE, it is respectfully submitted that the Debtor's Motion be denied in all respects.

_____
Peter Corey, Staff Attorney

Michael J. Macco,
Chapter 13 Standing Trustee
2950 Express Drive South – Suite 109
Islandia, New York 11749
(631) 549-7900